ORDER
This matter comes before the Court of Appeals on a Notice of Appeal from a finding of guilty of Assault of Law Enforcement Officer issued after a bench trial May 14, 2014. The matter has been fully briefed and argued.
The basis for the appeal was a conversation and agreement or understanding the Appellant had with Mary Lou Azure from the Prosecutor’s Office before trial. The understanding was, apparently, that the charge would be deferred and the matter would not proceed to trial.
The matter did, however, proceed to trial, with Prosecutor Weinberger representing the Fort Peck Tribes. Appellant appeared without counsel. Prosecutor Weinberger was not advised as to the earlier agreement and conversation that Appellant had with Mary Lou Azure. Appellant offered no defense at trial. Appellant was found guilty by the Court.
Later, upon a petition for Writ of Habe-as Corpus, the Prosecutor concurred with Appellant’s release from detention with credit for time served and suspension of the remaining time for probation. The Court granted this request over Appellant’s objection.
Appellant seeks dismissal of the complaint with prejudice in her appeal. We are a Court of review and cannot dismiss the complaint, as that is an action only the Trial Court can take upon remand.
It is also not within the scope of our review to determine what obligation Appellant might have had to inform the Court of her understanding and discussion concerning the disposition of the case with the Prosecutor’s Office, either prior to or during trial.
It is clear, however, that Appellant was not able to fully exercise her rights under the Indian Civil Rights Act (ICRA) due to her understanding that the matter would be resolved by a deferred prosecution agreement.
THEREFORE, IT IS THE ORDER OF THIS COURT:
1. The Conviction Order of May 14, 2014 is vacated and set aside.
*189 2. This matter is remanded to the Fort Peck Tribal Court for such further action as the Court deems appropriate.