ORDER DENYING JURISDICTION WITH REMAND

BACKGROUND

¶ 1 Procedurally this matter is difficult to track. A review of the record reflects that on September 14, 2016, Appellant Dustin Deserly was alleged to have committed the crime of Unlawful Possession of Dangerous Drugs in violation of 7 CCOJ § 413-A. Because Deserly allegedly possessed methamphetamine, he was charged with felony Unlawful Possession of Dangerous Drugs under the enhancement provisions found within 7 CCOJ § 413-A (a).
¶ 2 At questioning, Deserly allegedly vocalized to Narcotics Investigator Patrick O’Connor that he had intended to sell the methamphetamine. As a result, he was charged with Unlawful Possession of Dangerous Drugs with Intent to Sell under 7 CCOJ § 413-B and Illegal to Sell, Trade, or Bargain in Drug Paraphernalia under 7 CCOJ § 417.
¶ 3 During a search of his person, Des-erly was alleged to be carrying seven-and-a-half white pills identified as hydroco-done. For this reason, he was charged with Unlawful Sale, Use, Abuse, Possession of Prescription Medication under 7 CCOJ § 418.
¶4 As Deserly’s crime was alleged to have occurred at a Wolf Point, MT residence in the presence of three minor children, he was also charged with three counts of Endangering Welfare of Children under 7 CCOJ § 240-B.
¶ 5 As a result, on September 14, 2016, Deserly was arrested and taken to the Fort Peck Tribal Jail. On September 15, 2016, Deserly was arraigned in tribal court. At the arraignment, Deserly entered a plea of not guilty to all charges and Judge Youpee set bond at $10,500 and ordered him not to use alcohol or drugs, not to have any contact with victims, juveniles, or witnesses in his case, to appear as summoned, to remain at all times on the reservation, and to submit to random drug testing. Deserly’s pre-trial conference date was set for October 19,2016.
¶ 6 On October 12, 2016, Appellant Deserly entered into a Fort Peck Healing to Wellness Court Participation Agreement. In the Participation Agreement, Deserly agreed to complete the Healing to Wellness Court program, refrain from violations of Federal, State, or Tribal law, refrain from using alcohol and non-prescription drugs, maintain contact with his probation officer and case manager, attend educational classes and counseling, submit to drug testing, adhere to his Service Treatment Agreement and Weekly Task List, and follow all general programmatic guidelines. In the Participation Agreement, the Tribes agreed to defer the imposition of sentence criminal charges. The Participation Agreement was signed by Deserly, his Public Defender Terry L. Boyd, Tribal Prosecutor Lafon Copenhaver, and Tribal Court Chief Judge Stacie Smith.
¶ 7 On October 19, 2016, Judge Youpee presided over Deserly’s Pre-Trial Confer *461 ence. Tribal Prosecutor James Bighorn was present. The record does not indicate whether Deserly’s Public Defender Terry L. Boyd was present. The Court established that all motions had to be filed by November 22, 2016 and set trial for December 21, 2016.
¶ 8 On October 20, 2016, Public Defender Terry L. Boyd entered a Notice of Appearance and Request for Discovery on behalf of Appellant. On November 17, 2016, Deserly’s Public Defender unsuccessfully attempted to negotiate a plea agreement on Deserly’s behalf with Tribal Prosecutor David Mrgudich based on the provisions of the Wellness Court Participation Agreement.
¶ 9 On November 18, 2016, Prosecutor Mrgudich wrote a memo to Chief Judge Smith in regards to Appellant’s case. In his memo, the Prosecutor provided a time-line of the events in Appellant’s case, expressed reservations about whether Appellant’s case was appropriate for Healing to Wellness Court participation, and expressed that he was receiving pressure from the criminal investigators involved in the Appellant’s case. He further asked Chief Judge Smith whether his office would need to arrange a plea bargain to match the language of Appellant’s Participation Agreement.
¶ 10 On November 21, 2016, Public Defender Boyd wrote a letter to Judge Smith in response to Prosecutor Mrgudich’s November 18, 2016 letter. He advocated for Deserly’s participation in the Healing to Wellness Court program and indicated that Deserly would plead guilty and have the corresponding conviction placed upon his record. Boyd also expressed concern over the fact that Deserly had forfeited some of his challenge rights and defense opportunities by entering into the Participation Agreement.
¶ 11 On November 80, 2016, Public Defender Boyd brought up Appellant’s Healing to Wellness Court admission during the regular session of Wellness Court before Judge Smith. Judge Smith scheduled a hearing on the matter for December 2, 2016.
¶ 12 On December 1, 2016, Tribal Prosecutor David Mrgudich filed a Motion and Order to Continue Trial in Appellant’s criminal case before Judge Youpee. In his motion, he cited the absence of a plea agreement supporting Appellant’s Healing to Wellness Court Participation Agreement as justification for moving ahead with Appellant’s criminal trial.
¶ 13 On December 7, 2016, Public Defender Boyd filed a Petition for Writ of Habeas Corpus. This Petition for a Writ of Habeas appears to be directed to the Fort Peck Tribal Court, although it was filed with this Court. Nothing in the record reflects that the lower court has been given an opportunity to address the issues raised by this petition.
¶ 14 Appellant Deserly has been incarcerated in the Fort Peck Tribal Jail since his arrest.

STATEMENT OF JURISDICTION

¶ 15 The Fort Peck Appellate Court has jurisdiction to review the final orders from the Fort Peck Tribal Court. II CCOJ § 202. Absent proof in the record that the lower court has denied Appellant’s Writ of Habeas, this Court does not have a final order for review and cannot exercise jurisdiction until all lower court remedies have been exhausted.

ORDER

¶ 16 The lower court should take appropriate steps to evaluate the various procedural issues raised by this Writ of Habeas in a manner consist with this Court’s rul *462 ing in Boxer v. Fort Peck Tribes, 12 Am. Tribal Law 188 (2015). This Court hereby ORDERS that this matter be remanded to the lower court for expedited consideration of the various procedural issues raised by this Petition for a Writ of Habeas in connection with Healing to Wellness Court statutory requirements. Once a ruling has been entered by the lower court, the parties may seek appropriate review of any lower court decision in this matter in accordance with statutory requirements.
SO ORDER.